UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GWENDOLYN COLE-HOOVER, M.D.,

        Plaintiff,

                                        **Hon. Hugh B. Scott**

        v.                              02CV826

                                       (CONSENT)

STATE OF NEW YORK DEPARTMENT OF        **Order**
CORRECTIONAL SERVICES, et al.,

        Defendants.

Before the Court is (a) plaintiff's motion to compel defendants to produce third-party prison inmates' medical records believed to be currently in defendants' possession (Docket No. 60), and (b) defendants' motion for extension of time to complete discovery by six months (Docket No. 64; see Docket No. 65, Def. Atty. Decl. ¶ 19). The parties consented to proceed before the undersigned as Magistrate Judge on June 20, 2003 (Docket No. 20).

## BACKGROUND

This case is a job discrimination action by Dr. Cole-Hoover, alleging that defendant New York State Department of Correctional Services ("DOCS") terminated her because of her race, naming other defendants as alleged conspirators in her wrongful termination (see Docket No. 63, Defs. Atty. Decl. ¶¶ 6-7). According to defendants, plaintiff was served with a Notice of Discipline in February 2002 charging her with twelve forms of misconduct for her treatment of sixty inmates at the Albion Correctional Facility (id. ¶ 9) and negligent clinical practice (see id. ¶ 44).

Plaintiff commenced this federal action on November 21, 2002 (Docket No. 1). Meanwhile, plaintiff started an arbitration contesting her termination. During that arbitration, redacted medical records from prison inmates under plaintiff's care were produced by defendants (see Docket No. 63, Defs. Atty. Decl. ¶¶ 12-13). Plaintiff's attorney in the arbitration requested and received the unredacted version of these medical records, some 12,000 pages of documents for approximately sixty inmates, on the condition that they be kept in confidence and not used for any purpose outside of the arbitration (id. ¶¶ 14-15; Docket No. 60, Pl. Atty. Affirm. ¶ 6). The confidentiality stipulation in the arbitration does not provide defendants or plaintiff's state proceeding attorney with any authorization to disclose these records (Docket No. 63, Defs. Atty. Decl. ¶ 19).

Under the latest Amended Scheduling Order in the federal action (Docket No. 57), discovery was to be completed by July 31, 2006, without further extensions. Apparently to keep this schedule and while in the midst of deposing plaintiff (see Docket No. 59), she sought production of the unredacted medical records believed to be in defendants' possession, offering whatever confidentiality terms the Court would set in ordering their production (Docket No. 60), and submitting a proposed confidentiality Order. According to defense counsel, the unredacted records still remain with plaintiff's state proceeding attorney, Richard Cole, and have not yet been turned over to defense counsel (Docket No. 63, Defs. Atty. Decl. ¶ 18).

After plaintiff filed her motion (Docket No. 60) and sent a proposed Order, the Court issued a briefing schedule. The Order setting forth this schedule specifically asked counsel to address three issues, "(a) the basis for defendants to produce third parties' medical records that are presently in defense counsel's possession, (b) the effect of the Health Insurance Portability

2

and Accountability Act [HIPAA, 42 U.S.C. §§ 1320d-1320d-8[1]] on the disclosure sought by plaintiff here and the ability of this Court to order such disclosure by defendants of third parties' records, (c) the conditions for production to the defense counsel in the parallel state arbitration proceeding of the medical records sought in this action." (Docket No. 61.) Responses, particularly on these issues, were due by July 11, 2006, replies (if any) were due by July 17, 2006, and the motion was deemed submitted as of July 17, 2006 (Docket Nos. 61, 62).

Defendants argue that redaction of the inmates' identifying information from these records would take an enormous amount of time as would an effort to locate and obtain authorizations from the inmates (and, in some cases, former inmates) to release their records (Docket No. 63, Def. Atty. Decl. ¶¶ 27-30, 25-26). Under HIPAA and its regulations, one exception from the general ban on unauthorized disclosure of medical records is release pursuant to a court Order during the course of a judicial proceeding, 45 C.F.R. § 164.512(e)(1)(I) (id. ¶ 32). Another possible exception is if plaintiff has given notice of the request to the inmates involved or made reasonable efforts to secure a qualified protective order (id. ¶¶ 33-35)[2]. Defendants conclude that, while they do not object to plaintiff's motion, they require a Court Order to disclose these records (id. ¶ 49).

---

[1]Pub. L. No. 104-191, 110 Stat. 1936 (1996); corresponding regulations at 45 C.F.R. § 164.512; see Bayne v. Provost, 359 F. Supp. 2d 234, 235 n.1 (N.D.N.Y. 2005) (Treece, Mag. J.)

[2]Defendants then suggest, and later dismiss, a third method where, as parties to litigation as a "covered entity" under HIPAA, they could produce protected health information as part of its health care operations, Docket No. 63, Defs. Atty. Decl. ¶¶ 41, 40, 42-44. But defendants dismiss this basis because this action is an employment termination action based (in part) upon plaintiff's alleged negligent clinical practice, id. ¶ 44, and the medical records are relevant but "not directly probative of the issue of discrimination" alleged herein, id.

Now defendants move for extension of the discovery deadline by six months because they have not completed scheduled depositions (including plaintiff's), that those who have been examined identified additional witnesses and documents that have yet to be produced (Docket No. 65, Defs. Atty. Decl. ¶¶ 4-7, 11-17).  Defense counsel has not yet made defense demands upon plaintiff (id. ¶ 18).  One defendant, Dr. Marc Stern, now resides in Washington and a planned telephonic deposition proved impossible and he will have to come east for a deposition, upon adequate notice (id. ¶¶ 8-9), and Dr. Stern's deposition would require review of the 12,000 pages of medical records at issue with plaintiff's motion (id. ¶ 10).

Plaintiff filed a single sentence reply that concurs in the defense declaration and in their motion for extension of time (Docket No. 66).

## DISCUSSION

I.   Production of Third Parties' Medical Records

At issue here is production of thousands of pages of third parties' medical records in this employment discrimination action by the treating physician.  Federal Rule of Civil Procedure 26(b)(1) entitles the requesting party to production of non-privileged materials and, in particular, Rule 34 provides for production of what documents and other materials a party has in its possession, custody, or control, Fed. R. Civ. P. 34(a)(1).  How a discharged doctor treated her patients would be relevant if she was discharged for cause.  Plaintiff alleges that she identified five inmates who received inadequate care from other providers, as a result (just prior to her suspension) two defendants checked the medical records for those patients and then reviewed the records of all of plaintiff's former patients at Albion Correctional Facility (Docket No. 40, Am. Compl. ¶¶ 84, 90-92)

The purpose of HIPAA and its regulations is to prevent disclosure of individually identifiable health information without the subject's consent, except under specific circumstances (see Docket No. 63, Def. Atty. Decl. ¶ 23). One of the exceptional circumstances is disclosure pursuant to a court order in a judicial proceeding, with disclosure limited to only so much as is ordered by the court, 45 C.F.R. § 164.512(e)(1)(I); see Bayne supra, 359 F. Supp. 2d at 237. One appellate court has held that HIPAA does not create a federal physician (or hospital)-patient privilege and that such a privilege would be governed by federal common law (rather than state law) under Federal Rule of Evidence 501. Northwestern Mem. Hosp. v. Ashcroft, 362 F.3d 923, 925-26 (7th Cir. 2004) (Posner, J.). The Seventh Circuit concluded that the Department of Health and Human Services, in enacting the HIPAA regulations "set[ting] forth a procedure for disclosure of medical records in litigation" did not intend to open "a can of worms" to regulate "actually or potentially . . . the litigation of federal employment discrimination cases, ERISA cases, . . . and the numerous other classes of federal case in which medical records whether of the parties or of nonparties would not be privileged under federal evidence law," id. at 925. HIPAA and its regulations only set forth the process for disclosing medical records without the patient's authorization, it did not create a substantive privilege, id. at 925-26.

Defendants in the arbitration produced a redacted version of the inmates' medical records and later produced an unredacted version. No attempt was made to obtain the consent of or even to notify the inmate patients whose medical records were produced for the arbitration and are now being sought here. The point of disclosing these records in this employment discrimination case appears to be to establish whether or not DOCS had non-discriminatory cause for firing plaintiff. That can be done by a general review of her treatment of inmate patients rather than the

particular inquiry proposed here that would call for review of thousands of pages of medical records, although the Amended Complaint alleges that some defendants reviewed these medical records prior to plaintiff's suspension and ultimate termination (Docket No. 40, Am. Compl. ¶¶ 90-92). If produced at trial, such a detailed production would turn this Court into a medical review board in order to justify cause for plaintiff's termination.

The state arbitration carefully ensured that production of even the redacted version of these medical records would not be used for any other purpose, including in this action (which was pending when the arbitration was underway). From a status conference in this matter, defense counsel indicated that he was not involved in the arbitration and that separate counsel with the New York State Department of Law handled that proceeding.

As of this date, defense counsel does not have these documents in his possession. Therefore, there are no documents for defendants to produce and plaintiff's motion should be denied on this basis alone. Plaintiff's attorney from the state proceeding has them and, but for the confidentiality agreement for their release, plaintiff would have been in a better position to obtain these records directly from her attorney. Nevertheless, should defense counsel obtain these records, the Court will not order their production absent either notice to the affected inmates or redaction of identifying information. Cf. Fed. R. Civ. P. 34(c) (non-party production by means of a subpoena, Federal Rule 45). The purpose of HIPAA would be defeated if an essentially ex parte Order were entered to allow an inmate's medical records to be released without notice to that inmate or redaction, however restrictive the terms of that release might be.

Therefore, once defendants obtain the sought medical records, they have the choice of (1) notifying and obtaining the consent of the patients to release the information or (2) producing the

materials as redacted to eliminate individually identifiable health information, see 45 C.F.R. § 160.202(6). The latter option may be less onerous, since it may not require locating sixty people, some of whom are no longer in DOCS's custody.

II.     Extension of Scheduling Order

Defendants request a six-month extension of discovery in this 2002 civil action. This request assumed that the Court would not order redaction of the 12,000 pages of medical records, which defense counsel noted would "take an enormous amount of time" to do (Docket No. 63, Defs. Atty. Decl. ¶¶ 29-30) or the time consuming effort to locate to notify the inmate patients and to obtain their consent (see id. ¶¶ 24-26). Plaintiff joins in the defense request (Docket No. 66). Following consent to the undersigned, five amendments to the Scheduling Order were entered (Docket Nos. 22, 24, 34, 53, 57; see also Docket No. 19 (original Scheduling Order)), most extending deadlines to await the conclusion of the state arbitration proceeding. The parties acted as if this action was stayed while the arbitration was pending and apparently did not pursue discovery until the arbitration was completed, but never formally moved to stay this action. The latest Order stressed that no further extensions would be granted (Docket No. 57).

Nevertheless, defendants identified the difficulties in completing the discovery contemplated when the last Scheduling Order was entered as well as additional discovery identified in the interim and defendants conducting their own discovery. Given the age of this action and the Court's last Scheduling Order declaring itself to be the last, the Court is reluctant to give the parties six more months to complete discovery that could have been conducted and completed before.

Therefore, defendants' motion is **granted in part, denied in part**; parties have **four** months (rather than the six months, or more, sought by defendants and plaintiff) from entry of this Order to complete discovery. The parties shall complete all discovery by **November 30, 2006**; where the last Scheduling Order made express provision for when depositions were to occur, the parties now will have until **October 31, 2006**, to complete depositions. As a result of this extension, dispositive motions, if any, shall be filed on or before **January 3, 2007**. If there is no dispositive motion filed, pretrial statements shall be due by **February 25, 2007**, and the Court will set the date for a final pretrial conference and trial date. Unless otherwise changed above, the remaining dates in the previous Scheduling Orders continue in effect. To be clear, **NO FURTHER EXTENSIONS OF THE ABOVE DEADLINES WILL BE GRANTED**, this case will proceed after these dates regardless of the state of discovery in this action.

## CONCLUSION

For the reasons stated above, plaintiff's motion to compel defendants to produce third party medical records (Docket No. 60) is **denied in part**; defendants may produce these medical records either upon the consent of the patients involved or with redaction as stated above. Defendants' motion for extension of time to complete discovery (Docket No. 64) is **granted in part and denied in part**, with defendants receiving a four-month extension on the discovery

deadline; discovery shall be concluded by **November 30, 2006**, dispositive motions shall be due by **January 3, 2007**, and pretrial statements shall be due by **February 25, 2007**.

So Ordered.

*/s/Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
July 20, 2006