UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GWENDOLYN COLE-HOOVER, M.D.,                          **DECISION AND
                                                          ORDER**

                                    Plaintiff,        02-CV-00826(M)

v.

STATE OF NEW YORK DEPARTMENT OF
CORRECTIONAL SERVICES, et al.,

                                    Defendants.

_____

            Familiarity with the relevant facts and procedural history is presumed.  Before me

is the Amended Motion of plaintiff's former attorney, Prathima Reddy, Esq. ("Reddy"), for a

*quantum meruit* award of attorneys' fees [431].[1]  Oral argument was held on July 17, 2014 [437],

and a further telephonic conference was held on December 19, 2014 [445] to discuss the status of

the defendants' appeal from the judgment entered on November 13, 2013 [394].[2]  For the

following reasons, the motion is denied, without prejudice to reinstatement or renewal upon

completion of the underlying litigation.


                                    **ANALYSIS**

**A.      Does the Invalidity of the Retainer Agreement Bar *Quantum Meruit* Recovery?**

            In denying Reddy's first motion [414] for enforcement of her retainer agreement

with plaintiff, I ruled that since the agreement provided for a non-refundable retainer, it was

_____

      [1]       Bracketed references are to CM/ECF docket entries.

      [2]       By Text Order dated December 22, 2014 [446], I set a deadline of December 31, 2014
for any further submission by Reddy concerning the issues discussed at the December 19 conference, to
which plaintiff could respond by January 7, 2015.  However, by e-mail dated December 29, 2014,
Reddy's counsel advised that they "are content to rely upon the papers previously filed".

rendered unenforceable by Rule 1.5(d)(4) of the New York Rules of Professional Conduct (22

N.Y.C.R.R. §1200.0).  April 17, 2014 Decision and Order [426].  In her Amended Motion,

Reddy now seeks recovery in *quantum meruit* rather than pursuant to the retainer agreement.

In opposing that request, plaintiff argues that "New York courts have consistently

held that an attorney who engages in misconduct by violating the Disciplinary Rules is not

entitled to legal fees for any services rendered".  Plaintiff's Memorandum of Law [434], p. 2

(*quoting* Chen v. Chen Qualified Settlement Fund, 552 F.3d 218, 225 (2d Cir. 2009)).

However, the weight of authority is to the contrary.

"[W]hile the special nonrefundable retainer agreement will be unenforceable and

may subject an attorney to professional discipline, quantum meruit payment for services actually

rendered will still be available and appropriate."  Matter of Cooperman 83 N.Y.2d 465, 475

(1994).[3]  *See also* Mar Oil, S.A. v. Morrissey, 982 F.2d 830, 840 (2d Cir. 1993) ("Under New

York law, attorneys may be entitled to recover for their services, even if they have breached their

fiduciary obligations"); Petition of Rosenman & Colin, 850 F.2d 57, 63 (2d Cir. 1988) ("Where a

retainer agreement is unenforceable, the attorney is entitled under New York law to collect the

reasonable value of his services, notwithstanding that it was the attorney's misconduct that

precluded liability under the written contract"); Application of Kamerman, 278 F.2d 411, 414 (2d

Cir.1960) ("While the authorities are divided, the more widely supported view is that an attorney

---

[3]     This statement in Cooperman was *dictum*, because the court "decide[d] the precise
issue . . . in a disciplinary context only".  Id.  However, "dictum in a Court of Appeals decision carries
considerable weight".  Adirondack Trust Co. v. Farone, 245 A.D.2d 840, 842 (3rd Dept. 1997), app.
dismissed, 91 N.Y.2d 1002 (1998).

may recover upon the basis of quantum meruit for professional services rendered by him under a

champertous retainer agreement").

Therefore, I conclude that the unenforceability of the retainer agreement does not

automatically bar Reddy from recovering in *quantum meruit* for the reasonable value of her

services.


**B.    Can the Reasonable Value of Reddy's Services be Determined at this Time?**

Among the factors to be considered by the court "in determining the fair and

reasonable value of an attorney's services under *quantum meruit* include . . . the results achieved"

by the attorney.  Tops Markets, Inc. v. Quality Markets, Inc., 2001 W 392082, *2 (W.D.N.Y.

2001) (Elfvin, J.).  *See also* Bonnaig v. Nunez, 2012 WL 6200977, *4 (S.D.N.Y. 2012), aff'd,

546 Fed. Appx. 55 (2d Cir. 2013) (Summary Order) ("the client's benefit from the services" is a

factor to be considered).  In fact, Reddy argues that "[t]he success achieved by Reddy for the

Plaintiff is *the most critical factor* in determining a reasonable fee".  Reddy's Memorandum of

Law [431-1], p. 16 (emphasis added).  She claims that she "obtained an excellent result for the

Plaintiff, in a case that had at least three prior attorneys and had spanned a decade of litigation,

by avoiding a risk of a 'no cause' at trial".  Id.

However, defendants have appealed the judgment obtained by plaintiff (with

Reddy's assistance) to the United States Court of Appeals for the Second Circuit [394].

Although plaintiff's current attorney previously stated that he settled the appeal "after expending

a mere 5.4 hours" (plaintiff's Memorandum of Law [440], p. 2; [441], p. 3 of 6), he admitted

during the status conference on December 19, 2014 that the settlement has not yet been finalized,

and that the appeal is scheduled for oral argument on January 26, 2015.  Since the outcome of the appeal is uncertain at this time, I cannot predict whether the judgment which Reddy obtained for plaintiff will be of any benefit to her, and therefore cannot yet properly evaluate this factor in determining the amount of a *quantum meruit* recovery.

Reddy argues that she should not have to await the outcome of the underlying action to have her fee determined, since "a discharged attorney's recovery in *quantum meruit* for a fee is not limited by the former client's ultimate recovery, which may be determined after - sometimes long after - the time of discharge".  Reddy's Letter Brief [439], p. 2 (*quoting* Universal Acupuncture Pain Services, P.C. v. Quadrino & Schwartz, P.C. 370 F.3d 259, 264 (2d Cir. 2004)).  However, Reddy was *not* discharged by plaintiff - instead, her representation "cease[d] upon the entry of final judgment".  Reddy's Letter Brief [439], p. 1, n. 1.  Moreover, even as to a discharged attorney, "[t]he court has discretion to defer the determination of the fair and reasonable value of . . . fees under *quantum meruit* until the conclusion of the litigation because the amount of recovery is an element in fixing such".  Tops Markets, 2001 WL 392082, *3.  *See also* Universal Acupuncture, 370 F.3d at 264 ("the district court did not abuse its discretion by waiting to determine the issue of a possible *quantum meruit* award until the underlying litigation was completed").

Therefore, a proper determination of Reddy's request for *quantum meruit* recovery of attorney's fees must await the outcome of the underlying litigation.

-4-

**CONCLUSION**

For these reasons, Reddy's Amended Motion [431] is denied, without prejudice to renewal or reinstatement upon conclusion of the underlying litigation.


**SO ORDERED**.

Dated:   December 30, 2014



/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge